**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

JUL 2 2 1999

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Donney Shawyn Council, #5049, *aka* Jesus Christ Gattite, ) ) ) Plaintiff, ) ) vs. ) ) Henry F. Floyd; ) Patricia Gail Allexander; ) Betty Ruth Council; William Joseph Allexander; Furleasha Nasdack MacDaniells; and James Taylor Henry Washington, Defendants. | C/A No. 3:99-2306-6BC Report and Recommendation ENTERED 7-22-99 |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See*

2

Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

The plaintiff is incarcerated on death row at Lieber Correctional Institution in Ridgeville, South Carolina. He has filed this action pursuant to 42 U.S.C. § 1983 against "The individuals as I stated in this claim they falselfied (sic) my case sunt (sic) me to jail...". *See* Complaint @ 3. The plaintiff also alleges "That was information to prove that im (sic) not schizophrenna (sic) and illussional (sic) ... but they wont do as I state all my appeals to be dropped so I can get this execution over with...". Id. @ 4. The remainder of the plaintiff's complaint is unintelligible, however, the South Carolina Supreme Court affirmed the plaintiff's conviction and sentence in State v. Council, 515 S.E. 2d 508, 1999 WL 184099 (S.C. Apr. 05, 1999)(No. 24932), rehearing denied (May 14, 1999).

Insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence

> that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
> * * *

Heck v. Humphrey, *supra*. *See also* Schafer v. Moore, 46 F.3d 43 (1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Babcock v. Collord, 1994 U.S.Dist. LEXIS® 9661, *4-*5 (N.D.Cal., July 5, 1994)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915), *adopted*, 1994 U.S.Dist. LEXIS® 12741 (N.D.Cal., September 2, 1994). *See also* Abrahm v. Jay, 1994 U.S.Dist. LEXIS® 9676, *7-*8 (N.D.Cal., July 12, 1994)(a dismissal under Heck v. Humphrey "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued"); and Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir., February 9, 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 64 U.S.L.W. 3239, 1995 U.S. LEXIS® 5329 (U.S., October 2, 1995). *Accord* Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13 (N.D.Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa., March 24, 1995); and Smith v. Wambaugh, 1995 U.S.Dist. LEXIS® 6818 (M.D.Pa., May 15, 1995). Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court and no federal writ of habeas corpus has been issued this action must be dismissed for failure to state a claim.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d

201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. As discussed above under Heck v. Humphrey, 512 U.S. 477 (1994), a prisoner must show that his conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence. Where, as here, the conviction or sentence has not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under Heck constitutes a strike under 28 U.S.C. § 1915(e)(2) and (g). See Sandles v. Randa, 945 F. Supp. 169 (E.D. Wis. 1996); Sanders v. DeTella, 1997 WL 126866 (N.D. Ill. 1997) (unpublished); and Grant v. Sotelo, 1998 WL 740826 (N.D. Tex. 1998)(unpublished).[1] See Also, Adepegba v. Hammons, 103 F. 3d 383, 384 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under Heck and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and Okoro v. Bohman, 164 F. 3d 1059, 1061 (7th Cir. 1999)(commenting that previous case dismissed as frivolous

---

[1]

In Grant, the court recognized that "the question may be raised whether a cause dismissed pursuant to Heck considerations should be considered for purposes of computing the three strikes..." but followed the decisions of Sandles and Sanders.

under Heck). Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a strike under this statute. The plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

July 22, 1999
(Date)

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**1845 Assembly Street**
**Columbia, South Carolina 29201**
