**FILED**

JUL 2 2 1999

LARRY W. PROPES, CLERK
COLUMBIA, S.C

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Donney Shawyn Council, #5049,  ) C/A No. 3:99-2306-6BC
*aka* Jesus Christ Gattite,  )
  )
       Plaintiff,  )
  )  Order
vs.  )
  )
Henry F. Floyd;  )  ENTERED
Patricia Gail Allexander;  )
Betty Ruth Council;  )  7-22-99
William Joseph Allexander;
Furleasha Nasdack MacDaniells; and
James Taylor Henry Washington,

       Defendants.

---

  The above-captioned case is subject to summary dismissal under the Prison Litigation Reform Act, which includes "new" 28 U.S.C. § 1915A. Since the above-captioned case is subject to summary dismissal, it is not necessary for this court to consider any issues relating to payment of the filing fee in installments. *See* Misc. No. 4:96-MC38-2 (D.S.C., June 20, 1996).

  The Office of the Clerk of Court is directed *not* to authorize the issuance and service of process in the above-captioned case, unless it (the Office of the Clerk of Court) is instructed by a United States District Judge or a Senior United States District Judge to do so.

  The Office of the Clerk of Court may file the pleadings as of the date they are received for docketing.*

  The plaintiff is a *pro se* litigant. The plaintiff's attention is directed to the following important notice:

### TO THE PLAINTIFF:

---

  *In the event that a limitations issue arises in the above-captioned case, the plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988). The Houston v. Lack "delivery" date in the above-captioned case is July 12, 1999.



You are ordered to always keep the Clerk of Court advised **in writing (1845 Assembly Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address. Hence, the Office of the Clerk of Court shall *not* enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff unless that person is an attorney admitted to practice before this court, and the attorney has entered an appearance.

IT IS SO ORDERED.

July 22, 1999
*(Date)*
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

2